IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEJANDRO VALLESILLO, individually, and on behalf of all others similarly situated. <br><br> Plaintiff, <br><br> v. <br><br> PREMIUMCAPITALFUND.COM and JOHN DOE, <br><br> Defendants. | 8:23CV6 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on defendant Premiumcapitalfund.com's ("Premium Capital") Motion for Venue Transfer (Filing No. 10) pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Premium Capital asks the Court to transfer this case to the United States District Court for the Southern District of New York. As Premium Capital sees it, transfer is more efficient for the parties and the judiciary because most of the evidence and potential witnesses are in New York. Plaintiff Alejandro Vallesillo ("Vallesillo") does not oppose transfer (Filing No. 14).

Based on the scant allegations in the complaint (Filing No. 1) regarding defendant John Doe ("Doe"), the as-yet-unidentified Doe is an unknown business entity allegedly connected to Premium Capital in violating the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227. Although the Federal Rules of Civil Procedure do not contain any provisions for suing unknown parties, and it is generally impermissible to name a fictitious party as a defendant in federal court, the Eighth Circuit has allowed an action to "proceed

against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995); *see also* Fed. R. Civ. P. 10(a) (requiring a complaint to "name all the parties").

Neither Premium Capital nor Vallesillo mentions Doe in relation to the instant motion, and Doe's viability as a distinct defendant is unclear at this point. In these circumstances, the Court does not see the unserved Doe as a material barrier to a venue transfer to which both parties before the Court agree. *Cf. Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (concluding 28 U.S.C. § 1406(a) authorized transfer of venue "whether the court in which it was filed had personal jurisdiction over the defendants or not"); *Ballinger v. Cedar County*, 810 F.3d 557, 559 n.1 (8th Cir. 2016) (noting unserved Doe defendants "were never before the district court").

In light of the foregoing,

IT IS ORDERED:
1. Defendant Premiumcapitalfund.com's unopposed Motion for Venue Transfer (Filing No. 10) is granted.
2. The Clerk of Court is directed to transfer this case to the United States District Court for the Southern District of New York.

Dated this 5th day of May 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge